UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BROWN & BROWN OF LOUISIANA, LLC**           **CASE NO.  6:23-CV-1047**

**VERSUS**                                                                    **JUDGE TERRY A. DOUGHTY**

**JOHN C. CARO, JR., AND ROBERT COWAN**      **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM ORDER

Before this Court is a Motion to Transfer Venue [Doc. No. 13] filed by Defendants John C. Caro, Jr. ("Caro") and Robert Cowan ("Cowan"). An Opposition [Doc. No. 18] was filed by Plaintiff Brown & Brown of Louisiana, LLC ("Brown & Brown"). A Reply [Doc. No. 20] was filed by Caro and Cowan.

For the reasons set forth herein, the Motion to Transfer Venue is **GRANTED**.

**I.    BACKGROUND**

The issue in this Motion to Transfer Venue is whether this case should be transferred to the United States Court for the Middle District of Louisiana. On July 25, 2023, Caro, and Cowan each filed separate suits[1] in the Middle District of Louisiana seeking a declaratory judgment that restrictive covenants contained in their employment agreements with Brown & Brown were invalid for failure to comply with La. R.S. 23:921. On August 8, 2023, Brown & Brown filed a Complaint [Doc. No. 1] in this proceeding which seeks damages from Caro and Cowan for breach of restrictive covenants they entered into as a result of their employment with Brown & Brown. Therefore, all three suits involve the legality of the restrictive covenants Caro and Cowan entered into through their employment with Brown & Brown.

---

[1] Case No. 3:23-cv-00596 and Case No. 3:23-cv-00597

1

Caro and Cowan maintain the present proceeding should be transferred to the Middle District of Louisiana based upon the "first to file" rule. Brown & Brown argue that Caro and Cowan engaged in "forum shopping" and the "first to file" rule should not be applied.

## II.   LAW AND ANALYSIS

### A.   First to File Rule

The "first to file" rule is grounded in principles of comity and sound judicial administration. Federal courts have long recognized that principles of comity require federal district court – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985).

The Fifth Circuit adheres to the general rule that the court in which the action is first filed is the appropriate court to determine whether subsequently filed cases involving similar issues should proceed. The rule does not require that cases be identical. The crucial inquiry is one of "substantial overlap." If the suits overlap on the substantive issues, the cases would be required to be consolidated in the jurisdiction where the suit was first filed. Where the overlap between two suits is less than complete, the determination is made on a case-by-case basis, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).

In deciding whether "substantial overlap" exists, the Court has looked at factors such as whether the core issue is the same, or if much of the proof addressed would likely be identical. *International Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th. Cir. 2011).

There is a strong presumption that favors the forum of the first filed suit. *Waguespack v. Medtronic, Ins.*, 185 F.Supp. 3d. 922 (M.D. La., May 6, 2016). The "first filed" rule does not apply where compelling circumstances dictate that the first action be dismissed rather than the second one. "Compelling circumstances" exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum. *Johnson Bros. Corp. v. International Brotherhood of Painters*, 861 F.Supp. 28, 29 (M.D. La., July 27, 1994); *Florida Marine Transporters, Inc. v. Lawson & Lawson Towing Co. Inc*., 2001 WL 1018364 at 3 (E.D. La. August 31, 2001); and *Mission Ins. Co. v. Puritan Fashions Corp*, 706 F.2d 599, 602 (5th Cir. 1983).

Two predicate questions underlie a decision to apply the "first to file" rule: (1) whether the two pending actions are so duplicative that they involve substantially overlapping issues such that one court should decide both, and if so, (2) which of the two courts should take the case. "Substantial overlap" is satisfied if the two actions involve closely related questions or common subject matter. In the second inquiry, (which of the two courts should take the case), the Fifth Circuit adheres to the general rule that the court in which the action is first filed is the appropriate court to determine whether subsequently filed cases, involving substantially similar issues should proceed. *Marks v. Mackey*, 2014 WL 3530137 at 3 (W.D. La., July 15, 2014).

**B.     Analysis**

There is no dispute that Caro and Cowan's lawsuits were both filed in the Middle District of Louisiana, on July 25, 2023, while Brown & Brown filed its lawsuit in the Western District of Louisiana on August 8, 2023.

### 1. Substantial Overlap

The first question is whether the suits "substantially overlap." The Caro and Cowan lawsuits are both Petitions for Declaratory Judgment, which ask the Court to decide the restrictive covenants contained in Plaintiffs' employment agreement with Brown & Brown invalid and unenforceable. The suit by Brown & Brown in this Court seeks damages from Caro and Cowan for breach of their non-solicitation agreements contained in their employment agreement with Brown & Brown. The core issue involves the validity and enforceability of the Brown & Brown non-solicitation agreement. Brown & Brown concedes that substantial overlap exists.[2] This Court finds all the actions involve complete substantially overlapping issues that one court should decide.

### 2. Which Court should hear the Cases?

The Fifth Circuit adheres to the general rule that the court in which the action is first filed is the appropriate court to determine the issues in the cases unless an exception exist to the "first to file" rule. Brown & Brown argues that Caro and Cowan improperly sought to gain an advantage by engaging in forum shopping. One of the exceptions to the "first to file" rule is when the first to file plaintiff files a suit in anticipation of another lawsuit in order to secure a more favorable forum. Caro and Cowan ceased working for Brown & Brown on July 24, 2023, and filed their lawsuits the next day, July 25, 2023.[3]

Additionally, Brown & Brown alleges Caro and Cowan did not attempt to serve Brown & Brown until August 9, 2023.[4] Since Caro and Cowan filed their suits the day after they left their employment, the lawsuits were likely filed in anticipation of Brown & Brown filing a lawsuit. However, the law also requires the anticipatory lawsuit be filed in order to secure a more favorable

---

[2] [Doc. No. 18, p. 9]
[3] [Doc. No. 18-1] Declaration of Mark Romero.
[4] [Id]

4

forum. Brown & Brown has not provided any explanation of how Caro and Cowan's lawsuits filed in the Middle District of Louisiana would be a more favorable forum than the Western District of Louisiana. In diversity cases, both courts would be required to follow Louisiana law. The law is no different in the Middle District than in the Western District.

Because Brown & Brown has failed to show that Caro and Cowan filed their suits in order to secure a more favorable forum, the "first-to-file" rule applies, and the Middle District of Louisiana (where the first suits were filed) is the most appropriate forum court to determine the issues.

### III.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Transfer Venue [Doc. No. 13], filed by Defendants Caro and Cowan is **GRANTED** and this proceeding shall be transferred to the Middle District of Louisiana.

**MONROE, LOUISIANA**, this 22nd day of August 2023.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**